1

2

3

4

5

6

7

8

9

10

11

12

13

14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WEISS-JENKINS IV LLC,

        Plaintiff,

    v.

UTRECHT MANUFACTURING
CORPORATION, *et al.*,

        Defendants.

Case No.  C14-0954RSL

ORDER GRANTING IN PART
PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT

15

16

17

18

19

20

21

22

23

24

25

26

      This matter comes before the Court on "Plaintiff's Motion for Partial Summary Judgment on Liability and Dismissing Defendants' Affirmative Defenses." The parties agree that defendant Utrecht Manufacturing Corporation prematurely vacated premises it leased from plaintiff and that both defendants are liable for damages under the terms of the amended lease. The parties disagree, however, regarding the measure and scope of damages and the viability of defendants' affirmative defenses.

      Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact that would preclude the entry of judgment as a matter of law. The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT - 1

1    its motion" (<u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986)) and "citing to particular

2    parts of materials in the record" that show the absence of a genuine issue of material fact

3    (Fed. R. Civ. P. 56(c)). Once the moving party has satisfied its burden, it is entitled to

4    summary judgment if the non-moving party fails to designate "specific facts showing that

5    there is a genuine issue for trial." <u>Celotex Corp.</u>, 477 U.S. at 324. The Court will "view

6    the evidence in the light most favorable to the nonmoving party . . . and draw all

7    reasonable inferences in that party's favor." <u>Krechman v. County of Riverside</u>, 723 F.3d

8    1104, 1109 (9th Cir. 2013). Although the Court must reserve for the jury genuine issues

9    regarding credibility, the weight of the evidence, and legitimate inferences, the "mere

10   existence of a scintilla of evidence in support of the non-moving party's position will be

11   insufficient" to avoid judgment. <u>City of Pomona v. SQM N. Am. Corp.</u>, 750 F.3d 1036,

12   1049 (9th Cir. 2014); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 252 (1986). Factual

13   disputes whose resolution would not affect the outcome of the suit are irrelevant to the

14   consideration of a motion for summary judgment. <u>S. Cal. Darts Ass'n v. Zaffina</u>, 762 F.3d

15   921, 925 (9th Cir. 2014).  In other words, summary judgment should be granted where the

16   nonmoving party fails to offer evidence from which a reasonable jury could return a

17   verdict in its favor. <u>FreecycleSunnyvale v. Freecycle Network</u>, 626 F.3d 509, 514 (9th

18   Cir. 2010).

19          Having reviewed the memoranda, declarations, and exhibits submitted by the

20   parties and having heard the arguments of counsel, the Court finds as follows:

21   **A. Measure and Scope of Damages**

22          The amended lease agreement provides that, upon the lessee's failure to pay rent,

23   the landlord may cancel the lease and take possession of the property.

24          Notwithstanding such retaking of possession by Landlord, Tenant's liability
            for the rent provided herein shall not be extinguished for the balance of the

25

26   ORDER GRANTING IN PART PLAINTIFF'S
     MOTION FOR PARTIAL SUMMARY JUDGMENT - 2

> term of this Lease. Upon such default, cancellation or re-entry, Landlord
> may elect either (i) to terminate this Lease; or (ii) without terminating this
> Lease, to relet or attempt to relet all or any part of the Premise . . . . In either
> event, the liability of Tenant for the full rental provided for herein shall not
> be extinguished for the balance of the term of this Lease, and the Tenant
> covenants and agrees to make good to the Landlord any deficiency arising
> from a re-entry and good faith effort of reletting of the Premises at a lesser
> rental than the rental herein agreed to, and Landlord may bring an action
> therefor as such monthly deficiency shall arise.

Dkt. # 27-1 at 7-8. "Rent" is defined to include both a base monthly amount and a percentage of gross sales made at the premises. Dkt. # 27-1 at 3.

Plaintiff seeks a summary determination that defendants are obligated to pay (a) rent, operating expenses, and other payments that were due under the lease, less any amounts collected after the premises was relet, (b) contractual late charges, (c) expenses incurred in returning the premises to the condition it was in when it was turned over to Utrecht, (d) reletting expenses, and (e) other costs arising from defendants' breach. There is ample case law to support plaintiff's requests. When a tenant breaches a lease, "[t]he measure of damages is the difference between the present worth of the property with the lease less the present worth of the property without the lease." Wash. Trust Bank v. Circle K Corp., 15 Wn. App. 89, 93 (1976).

> In the event the lessor relets the premises, he is entitled to hold the lessee
> liable for the difference, if any, in the rent contracted for and that actually
> recovered. . . . Additional damages which a lessor may recover for breach
> of a lease may properly include consequential damages which flow from the
> breach and which could reasonably have been anticipated by the parties.
> The amount of damages should reflect what is required to place the lessor in
> the same financial position he would have enjoyed in the absence of the
> breach.

Family Med. Bldg., Inc. v. State, Dep't of Soc. & Health Servs., 104 Wn.2d 105, 114

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT - 3

1    (1985).

2          Defendants rely on a separate line of cases to argue that when the landlord opts to

3    terminate a lease for failure to pay rent, it waives its right to any damages other than the

4    rent lost between the date of breach and the date the premises is relet.[1] The Court need not

5    attempt to harmonize these strands of Washington case law because even if defendants'

6    preferred line of cases governs, exceptions to the strict temporal limitation on damages

7    apply. Cases such as Hargis v. Mel-Mad Corp., 46 Wn. App. 146, 150-51 (1986), state

8    that when a lessee voluntarily abandons a leased premises, the landlord has the option to

9    terminate the lease and relet the premises for his or her own account or to keep the lease

10   (and the obligation to pay rent) in place and attempt to relet on the tenant's account. See

11   also Lacey Marketplace Assocs. II, LLC v. United Farmers of Alberta Cooperative Ltd.,

12   2015 WL 2345179, at *9 (W.D. Wash. May 14, 2015). If the landlord opts to terminate

13   the lease, the general rule is that "all liability not already accrued is at once at an end."

14   Heuss v. Olson, 43 Wn.2d 901, 905 (1953). That rule does not apply, however, if the

15   termination is qualified, "as in the case of a lease which expressly saves the lessor's right

16   to also recover damages based on unaccrued rent . . . or where the notice of forfeiture

17   communicates to the lessee the lessor's intention to hold the lessee [liable] for such

18   damages, notwithstanding the forfeiture . . . ." Id. Both of the exceptions apply here: the

19   lease expressly reserves the landlord's right to collect rent throughout the term of the

20   lease despite a termination (Dkt. # 27-1 at 7-8) and the notice of termination not only

21   reminded defendants of the relevant contractual obligations, but also stated that the

22   landlord intends to "seek damages for the remaining rent term" (Dkt. # 28-3 at 2).

23

24          [1] The Court has considered this argument on its merits despite defendants' failure to raise
25   it as an affirmative defense to plaintiff's contract claims.

26   ORDER GRANTING IN PART PLAINTIFF'S
     MOTION FOR PARTIAL SUMMARY JUDGMENT - 4

1    As specified in the contract between the parties, plaintiff may, therefore, recover

2  lost rents between July 2013 and the time the premises was relet, plus any shortfall in the

3  rental amount received between the reletting and February 2018. As for the other

4  categories of damages mentioned in the motion, plaintiff bears the burden of showing

5  both the amount of damages and that they were caused by defendants' breach. The Court

6  declines to determine whether as-yet unspecified expenses are causally related to the

7  breach or whether damages for wholly speculative losses (such as a future failure on the

8  part of the new tenant to pay rent) are recoverable.

9  **B. Affirmative Defenses**

10    Plaintiff seeks dismissal of defendant's affirmative defenses on the grounds that

11  they (i) are inadequately pled and (ii) fail on the merits. Whether the heightened pleading

12  standard set forth in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v.

13  Iqbal, 556 U.S. 662 (2009), applies to the pleading of affirmative defenses is an open

14  question. See Barnes v. AT&T Pension Ben. Plan-Nonbargained Program, 718 F.

15  Supp.2d 1167, 1171 (N.D. Cal. 2010) ("The court can see no reason why the same

16  principles applied to pleading claims [in Twombly and Iqbal] should not apply to the

17  pleading of affirmative defenses which are also governed by Rule 8."); Kohler v. Staples

18  Office Superstore, LLC, 291 F.R.D. 464, 468 (S.D. Cal. 2013) ("Absent further direction,

19  this Court declines to extend the Twombly/Iqbal pleading standards to affirmative

20  defenses."). The Court finds that the language of Fed. R. Civ. P. 8(c), the fact that a

21  defendant is not required to show that it is entitled to relief when pleading an affirmative

22  defense, the short time frame in which defendant must investigate plaintiff's accusations

23  and file a response, and the form answer presenting an affirmative defense all militate

24  against imposing the Twombly pleading standard on affirmative defenses.

25

26  ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT - 5

1   Nevertheless, the answer, when read in conjunction with the allegations of

2   plaintiff's complaint and other matters in the record, must comply with Rule 8's

3   requirement of a "short and plain" statement to give the opposing party fair notice of the

4   defense and the grounds upon which it rests. Simmons v. Navajo County, Ariz., 609 F.3d

5   1011, 1023 (9th Cir. 2010) (quoting Wyshak v. City Nat. Bank, 607 F.2d 824, 827 (9th

6   Cir. 1979)). Most of defendants' affirmative defenses are lacking even under this more

7   relaxed standard. Nothing in the pleadings would enable plaintiff to understand the

8   grounds upon which the defenses of unjust enrichment, waiver, estoppel, and/or unclean

9   hands are based: plaintiff's claims are contractual in nature, and defendants' appeal to

10  equity is unexplained and cannot be justified by plaintiff's alternative claim for

11  restitution.[2] With regards to the demand for set-off, defendants offer no basis upon which

12  one could infer that they have a claim against plaintiff which might generate an off-

13  setting liability.

14  The only affirmative defense which had potential applicability based on the

15  pleadings is failure to mitigate. Washington law imposes a duty to mitigate on the

16  landlord, and plaintiff's complaint is silent as to the efforts it made to satisfy that duty.

17  Defendant has not, however, provided any evidence in support of this defense. The record

18  shows that plaintiff made reasonable and successful efforts to obtain a new tenant, and

19  defendant acknowledged at oral argument that there is no evidence that a more favorable

20  lease arrangement could have been negotiated, that the lease terms were collusive, or that

21  plaintiff otherwise failed to limit the losses caused by defendant's breach. Defendant

22  seems to be arguing that, even in the absence a failure to mitigate, plaintiff's damages

23

24  [2] Defendants' explanation in response to plaintiff's motion suggests that these "defenses" are more accurately described as an assertion that Washington law limits the measure and scope of plaintiff's claim for damages.

25

26  ORDER GRANTING IN PART PLAINTIFF'S
    MOTION FOR PARTIAL SUMMARY JUDGMENT - 6

should, as a policy matter, end when the premises is relet as a means of "incentivizing" the landlord to negotiate the best bargain it can. That is simply not the law in Washington. Short of a failure to mitigate, "[i]f there is an inequity that, by virtue of the facts of this case, must fall on either of the parties, we have decided that it should fall on the party who breached the lease. The defaulting tenant should not get the benefit of his breach." Hargis, 46 Wn. App. at 154 (quoting N.J. Indus. Props., Inc. v. Y.C & V.L., Inc., 495 A.2d 1320, 1329 (N.J. 1985).[3]

For all of the foregoing reasons, plaintiff's motion for summary judgment is GRANTED in part. Defendants are liable for lost rents between July 2013 and the time the premises was relet, plus any shortfall in the rental amount received between the reletting and February 2018. Plaintiff may also seek to recover other contractual and consequential damages caused by defendants' breach. Defendants' affirmative defenses of failure to state a claim,[4] unjust enrichment, waiver, estoppel, unclean hands, failure to mitigate, and set-off are STRICKEN.

Dated this 14th day of September, 2015.

*Mht S Lasnik*

Robert S. Lasnik
United States District Judge

_____

[3] To the extent defendant is arguing that certain elements of plaintiff's damages are actually capital improvements or are not causally related to the breach, that is merely an assertion that plaintiff will not be able to satisfy its burden of establishing its quantum of damages. Defendants may put plaintiff to its proofs at trial, but such an argument is not a proper affirmative defense.

[4] Defendants acknowledge that plaintiff has stated a claim upon which relief can be granted. Dkt. # 31 at 13.

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT - 7