UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WEISS-JENKINS IV LLC,

    Plaintiff,

    v.

UTRECHT MANUFACTURING
CORPORATION, *et al.*,

    Defendants.

Case No. C14-0954RSL

ORDER GRANTING IN PART
PLAINTIFF'S MOTION FOR
FINAL JUDGMENT

This matter comes before the Court on plaintiff's "Motion for Summary and Final Judgment Against Defendants." Dkt. # 72.[1] The parties agree that defendant Utrecht Manufacturing Corporation prematurely vacated premises it leased from plaintiff and that both defendants are liable for damages under the terms of the amended lease. The lease agreement provided that, upon the lessee's failure to pay rent, the landlord may cancel the lease and take possession of the property.

> Notwithstanding such retaking of possession by Landlord, Tenant's liability for the rent provided herein shall not be extinguished for the balance of the term of this Lease. Upon such default, cancellation or re-entry, Landlord

---

[1] This matter can be decided on the memoranda, declarations, and exhibits submitted by the parties. Defendants' request for oral argument is therefore DENIED.

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR FINAL JUDGMENT - 1

>   may elect either (i) to terminate this Lease; or (ii) without terminating this
>   Lease, to relet or attempt to relet all or any part of the Premise . . . . In either
>   event, the liability of Tenant for the full rental provided for herein shall not
>   be extinguished for the balance of the term of this Lease, and the Tenant
>   covenants and agrees to make good to the Landlord any deficiency arising
>   from a re-entry and good faith effort of reletting of the Premises at a lesser
>   rental than the rental herein agreed to, and Landlord may bring an action
>   therefor as such monthly deficiency shall arise.

Dkt. # 27-1 at 7-8. The Court has already determined that plaintiff may "recover lost rents between July 2013 and the time the premises was relet, plus any shortfall in the rental amount received between the reletting and February 2018." Dkt. # 56 at 5. There is no dispute regarding the monthly "rent" that was due under the amended lease or the "deficiency" that arose between July 2013 and the time the premises was relet.

      The parties disagree, however, regarding the calculation of the monthly "rent" paid by Starbucks after it leased the property on September 13, 2013. Plaintiff argues that the only "rent" that can be used to decrease the amount defendants owe is the price per square foot specified in paragraph 1(d) of its lease agreement with Starbucks. Dkt. # 76-3 at 2-5. The concept of "rent" in this context is not necessarily limited to the cash payments designated as "rent" by the lessor and the new lessee, however. Rent has historically encompassed any money, chattel, services, or other compensation received by the owner as consideration for the lease. See Black's Law Dictionary (9th ed.); Webster's Third New International Dictionary. Seizing on the fact that rent can be anything provided to the landlord in consideration for a lease, defendants point out that Starbucks expended millions of dollars improving the property and argue that a jury must determine what, if any, deficiency remains. Defendants maintain that, as a result of Starbucks' renovations, plaintiff is currently in a far better financial position than it would have been in had the

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR FINAL JUDGMENT - 2

1  original lease expired by its own terms and that Washington law precludes plaintiff from
2  obtaining a windfall or a punitive award of damages. Ford v. Trendwest Resorts, Inc., 146
3  Wn.2d 146, 155 (2002); Family Med. Bldg., Inc. v. State, Dep't of Soc. & Health Servs.,
4  104 Wn.2d 105, 114 (1985).

5        Defendants' underlying assumptions are faulty. There is no evidence that
6  Starbucks was contractually obligated to improve the property. The lease gave Starbucks
7  the right to install Tenant Improvements (Dkt. # 76-3 at 7 and 13), but there was no
8  obligation to do so. The improvements were not, therefore, consideration for plaintiff's
9  promise to lease the property and cannot, factually or legally, be considered "rent."[2] Nor
10 is there any indication that plaintiff will receive the value of the improvements Starbucks
11 made during the remaining term of the original lease. If the upgrades have any value
12 when Starbucks' lease expires, that value will not enure to plaintiff's benefit until, at the
13 earliest, October 1, 2024. Defendants promised "to make good to the Landlord" any loss
14 of rent caused by their breach, and "the lessor is entitled to recover the rent reserved to
15 the end of the term less the amount actually received from subsequent tenants during the
16 remainder of the term . . . ." Exeter Co. v. Samuel Martin, Ltd., 5 Wn.2d 244, 249-50
17 (1940). Thus, while defendants are correct that rent can be paid in forms other than
18 money, they have failed to raise a genuine issue of material fact regarding the amounts
19 actually received from Starbucks during the remaining term of their lease. Thus summary
20 judgment in plaintiff's favor is appropriate. Celotex Corp. v. Catrett, 477 U.S. 317, 323-

---

[2] The fact that Starbucks was willing to lease the premises "as is" was clearly important to plaintiff, which had unexpectedly lost a significant income stream when defendants breached the lease. The fact that plaintiff did not have to incur remodeling costs or other expenditures to relet the property does not constitute "rent" from Starbucks, however, and does not lessen defendants' obligation to satisfy any deficiency.

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR FINAL JUDGMENT - 3

24 (1986).

Defendants also object to plaintiff's request for an award of pre-judgment interest, arguing that such an award would be duplicative since the lease provides for a 10% late charge on all payments that are more than ten days delinquent. The 10% late fee is more punitive and coercive than compensatory. Even if the Court assumes that it was intended to serve as rough compensation for an untimely payment, the compensation covers only the first few days of the delinquency. Delinquencies lasting years, as in this case, are wholly uncompensated by the late fee provision. The Court finds that an award of pre-judgment interest at 12% per annum is consistent with Washington law (RCW 19.52.010) and is not duplicative.

Finally, defendants object to plaintiff's request for reimbursement of expenses related to anti-graffiti protection and certain architectural services. These objections have merit. The architectural services were obtained prior to defendants' breach, and the anti-graffiti protection was installed after Starbucks had relet the property. Neither can properly be characterized as consequential damages that is causally related to the breach.

For all of the foregoing reasons, plaintiff's motion for final judgment is GRANTED in part. Plaintiff shall, within seven days of the date of this Order, file an amended proposed judgment that deletes the charges for anti-graffiti protection (reflected as $20,150.63 in re-leasing costs and expenses (Dkt. # 73-7 at 1) and ($15,941.01 in operating expenses (Dkt. # 7402 at 5)) and for pre-breach architectural services. Plaintiff may file a request for reasonable attorney's fees pursuant to Fed. R. Civ. P. 54(d)(2)(B).

1   Dated this 24th day of May, 2016.

*[signature: MrT S Lasnik]*

Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR FINAL JUDGMENT - 5